COMMONWEALTH OF MASSACHUSETTS

NORFOLK, SS.                                           NORFOLK COUNTY SUPERIOR
                                                       COURT: CA# 04 C1333

| | |
|---|---|
| MICHELLE WOODBURY ) <br> Plaintiff ) <br>  ) <br> v. ) <br>  ) <br> ROBERT BARNHARD ) <br> Individually and as ) <br> President of IBJ Retail ) <br> Finance, ) <br>  ) <br> & ) <br>  ) <br> MIZUHO CORPORATE BANK (USA), ) <br>  ) <br> & ) <br>  ) <br> IBJTC BUSINESS CREDIT ) <br> CORPORATION, ) <br>  ) <br> & ) <br>  ) <br> WEBSTER BUSINESS CREDIT ) <br> CORPORATION ) <br>  ) <br> Defendants ) | **COMPLAINT** |

## INTRODUCTION

Plaintiff Michelle Woodbury files this complaint against defendant Robert Barnhard and defendants IBJTC Business Credit Corporation and its parent company, Mizuho Corporate Bank (USA) both with principal places of business in New York, New York. Defendant Mizuho Corporate Bank(USA) is a successor by merger to The Industrial Bank of Japan Trust Company which is a successor by merger to IBJ Whitehall Bank and Trust Company. IBJ Whitehall Bank and Trust Company (hereinafter "Whitehall Bank") employed Ms. Woodbury from April 2000

through October 2001 at one of its subsidiaries' divisions known as IBJ Whitehall Retail Finance (hereinafter "Retail Finance") located in Braintree, Massachusetts. The subsidiary's name was IBJ Whitehall Business Credit Corporation (hereinafter "Business Credit"), which has since changed its name to IBJTC Business Credit Corporation (hereinafter "IBJTC Business Credit"). Mr. Barnhard was Ms. Woodbury's supervisor during her employment with Whitehall Bank.

Plaintiff submits that she was terminated from her employment with Whitehall Bank at the instruction of her supervisor Robert Barnhard and others at Retail Finance in October 2001 for pretextual reasons. Ms. Woodbury complains that Barnhard subjected her to ongoing sexual harassment and a hostile work environment and ultimately terminated her as retaliation during the course of her employment, all in violation of M.G.L. c. 151B, sec. 1, 4 et seq. and Title VII of the Civil Rights Act of 1964. Based upon the successor by mergers and other facts described below, defendants Mizuho Corporate Bank(USA) and IBJTC Business Credit are liable for the conduct and/or omissions of Barnhard, Retail Finance, Business Credit and Whitehall Bank, their employees and their agents.

Plaintiff brought a timely action against the defendants with the Massachusetts Commission Against Discrimination and the Equal Employment and Opportunity Commission. This administrative action has been dismissed in anticipation of this suit.

Webster Business Credit Corporation is named as a defendant on information and belief that it purchased assets of Business Credit and Retail Finance, shares officers and directors with Business Credit and occupies the former addresses as Business Credit and Retail Finance. Therefore, Plaintiff avers on information and belief that Webster Business Credit Corporation may be a mere continuation of Business Credit and Retail Finance.

## PARTIES

1. Plaintiff Michelle Woodbury (hereinafter "Woodbury" or "Plaintiff") has a principle place of residence in Bridgewater, MA, Plymouth County. Plaintiff, is female and a member of a protected class as defined by M.G.L. c. 151B, Sec.1, 4 et seq. and Title VII of the Civil Rights Act of 1964. Ms. Woodbury was employed by defendant IBJ Whitehall Retail Finance, IBJ Whitehall Business Credit Corporation and IBJ Whitehall Bank and Trust Company from on or about April 2000 through October 2001.

2. Defendant Robert Barnhard (hereinafter "Barnhard") was an employee and officer of IBJ Whitehall Retail Finance located in Braintree, Massachusetts, IBJ Whitehall Business Credit Corporation and IBJ Whitehall Bank and Trust Company, during all pertinent times stated herein, including but not limited to from April 2000 through October 2001. On information and belief, Mr. Barnhard's principle place of residence is Marshfield, Massachusetts.

3. On information and belief Plaintiff avers that defendant Mizuho Corporate Bank (USA) (hereinafter "Mizuho") has its principal place of business or corporate headquarters located at 1251 Avenue of the Americas, New York, New York, 10020. Defendant Mizuho is a successor by merger of Defendant Barnhard's original employer, IBJ Whitehall Bank and Trust Company. On information and belief, Mizuho is also known as or doing business as Mizuho Global, LTD.

4. On information and belief Plaintiff avers that defendant IBJTC Business Credit Corporation (hereinafter "IBJTC Business Credit") has its principle place of business located at One State Street, New York, New York, 10004.

5. On information and belief, defendant IBJ Whitehall Retail Finance (hereinafter "Retail Finance"), which employed Ms. Woodbury at all pertinent times herein, had a principle

place of business at 45 Braintree Hill Office Park in Braintree, County of Norfolk, Massachusetts. On information and belief, Plaintiff avers that there eight (8) or more employees, including Ms. Woodbury, worked at this office site at all pertinent times stated herein.

6. On information and belief, Plaintiff avers that at all pertinent times stated herein, including but not limited to the term of Ms. Woodbury's employment with defendant Retail Finance and Whitehall Bank, Retail Finance was a division of defendant IBJ Whitehall Business Credit Corporation (hereinafter "Business Credit"), which had a principle place of business at 1 State Street, New York, New York at all pertinent times herein.

6(a). On information and belief, Plaintiff avers that the assets from the lending division of Business Credit was sold to defendant Webster Business Credit Corporation (hereinafter "Webster"), which has offices located at 45 Braintree Hill Office Park in Braintree, County of Norfolk, Massachusetts.

6(b). On information and belief, Webster is a continuation of the corporate entity of Business Credit and Retail Finance.

6(c). On information and belief, Webster shares some of the same office and directors as Business Credit as well as the prior business addresses of Business Credit and Retail Finance.

7. On information and belief, Plaintiff avers that both Retail Finance and Business Credit were wholly owned subsidiaries of defendant IBJ Whitehall Bank and Trust Company (hereinafter "Whitehall Bank") during all pertinent times stated herein, including but not limited to Ms. Woodbury's term of employment by Retail Finance. Defendant Whitehall Bank had a principal place of business located at One State Street, New York, New York at all pertinent times herein.

8. On information and belief, Plaintiff avers that Ms. Woodbury and Mr. Barnhard were employed by defendants Retail Finance, Business Credit and Whitehall Bank during all pertinent times herein, including but not limited to April 2000 through October 2001.

9. On information and belief, Plaintiff avers that Business Credit is now known as IBJTC Business Credit and is a wholly owned subsidiary of Mizuho.

10. On information and belief, Plaintiff avers that The Industrial Bank of Japan Trust Company (hereinafter "Bank of Japan") was a successor by merger to Whitehall Bank sometime after Ms. Woodbury's termination by Whitehall Bank and its subsidiary Retail Finance and/or Business Credit.

11. On information and belief, Plaintiff avers that defendant Mizuho was subsequently a successor by merger to Bank of Japan sometime after Ms. Woodbury's termination by Whitehall Bank and its subsidiaries Retail Finance and/or Business Credit.

12. Based upon the successor by mergers and other facts described above, defendants Mizuho and IBJTC Business Credit are liable for the conduct and/or omissions of defendants Barnhard, Retail Finance, Business Credit and Whitehall Bank and their agents as described below. Plaintiff has filed a timely administrative action with the Massachusetts Commission Against Discrimination and the Equal Employment & Opportunity Commission.

**FACTUAL ALLEGATIONS**

13. Plaintiff avers that Barnhard had the authority to supervise, hire and terminate employees of Retail Finance including but not limited to Ms. Woodbury during all pertinent times described herein. This authority was conferred upon Barnhard by the owners, directors, stockholders and/or agents of Retail Finance, Business Credit and/or Whitehall Bank.

14. Plaintiff avers that on or about April 2000, Ms. Woodbury was hired by Whitehall Bank, Business Credit and Retail Finance to perform secretarial/office assistant duties for its officer Barnhard at the Braintree, Massachusetts offices of Retail Finance.

15. Plaintiff avers that Barnhard began engaging in unwelcomed harassment based upon her gender within a couple of months after she was hired.

16. Plaintiff avers that beginning in June or July 2000 and ending in October 2001, Barnhard regularly, and on an ongoing basis, engaged in conduct and made verbal comments in the presence of Ms. Woodbury and other employees of Retail Finance, which were sexually offensive, sexually harassing and/or sexually explicit.

17. The comments and conduct by Barnhard referenced in paragraph 16 above occurred within the course of his employment with Retail Finance, Business Credit and Whitehall Bank.

18. On information and belief, Plaintiff avers that Mr. Barnhard engaged in and made sexually lewd and sexually offensive conduct and verbal comments about Ms. Woodbury and other women to other employees before, during and after work hours while Ms. Woodbury was employed at the Braintree offices of Retail Finance beginning in April 2000 and ending on or after October 2001.

19. Plaintiff avers that sometime in or about June 2001, Ms. Woodbury went out on maternity leave and returned in mid August 2001.

20. On information and belief, Plaintiff further avers that upon her return from maternity leave Barnhard continued to engage in and make sexually offensive, harassing and/or sexually explicit conduct and verbal comments to Ms. Woodbury and other employees at the Braintree offices of Retail Finance during the course of his employment.

21. Plaintiff avers that conduct and comments by Barnhard as described in paragraphs

15, 16, 17, 18 and 20 above were unwelcome, offensive, and meant to ridicule, sexually harass, embarrass and undermine Ms. Woodbury's reputation in the office and to create and an sexually abusive and/or hostile working environment for Ms. Woodbury based upon her gender.

22. Plaintiff avers that she reported Barnhard's conduct and comments as describe above in paragraphs 15, 16, 17, 18 and 20 on numerous occasions to another supervisor in the Braintree office but Mr. Barnhard's conduct continued.

23. On information and belief, Plaintiff avers that she was terminated by Barnhard from her employment at Retail Finance and Whitehall Bank because Ms. Woodbury (a) refused to engage in sexual banter with Barnhard, (b) demonstrated her discomfort with Barnhard's sexually offensive comments and conduct, and/or (c) reported his sexually offensive conduct and comments to the other supervisor in the Braintree Offices of Retail Finance.

24. On information and belief, any legitimate business reason given for Ms. Woodbury's termination was pretext for the reasons described in paragraph 23 above or for some other related non-legitimate business reason.

25. On information and belief, Plaintiff avers that management, officers and/or directors of Whitehall Bank, Business Credit and/or Retail Finance knew that Barnhard was verbally and emotionally mistreating and abusing Ms. Woodbury while she worked in the Braintree office of Retail Finance.

26. On information and belief, Plaintiff avers that management, officers and directors of Whitehall Bank, Business Credit and/or Retail Finance knew that Barnhard was engaging in sexually offensive conduct and making sexually offensive verbal comments about and to Ms. Woodbury and creating hostile work environment for Ms. Woodbury throughout her employment with Retail Finance, Business Credit and Whitehall Bank.

27. On information and belief, management, officers, directors and agents of Whitehall Bank, Business Credit and/or Retail Finance knew that Barnhard did not have the skills and was not qualified to manage or supervise personnel at the Retail Finance offices in Braintree but failed to take appropriate action to intervene and properly supervise and train Barnhard.

28. On information and belief, the failure of management, officers, directors and agents of Whitehall Bank, Business Credit and Retail Finance to properly train and supervise Mr. Barnhard permitted him to engage in the sexually offensive conduct and make the sexually offensive comments described above in paragraphs 15, 16, 17, 18 and 20 above.

29. On information and belief, the failure of management, officers, directors and agents of Whitehall Bank, Business Credit and Retail Finance to properly train and supervise Mr. Barnhard permitted him to engage in abusive conduct that caused Ms. Woodbury severe emotional distress and resulted in her improper termination.

## COUNT I
## M.G.L. 151B
## SEXUAL HARASSMENT

30. Plaintiff incorporates paragraphs 1 through 29 as if restated herein.

31. Defendant Branhard's conduct and the conduct by defendants Retail Finance, Business Credit and Whitehall Bank, their employees and agents as set forth in paragraphs 13 through 29 herein constituted ongoing sexual harassment and created an ongoing abusive and/or hostile work environment for Ms. Woodbury based upon her gender in violation of M.G.L. c. 151B, sec. 1 et seq.

32. Defendants Barnhard, Retail Finance, Business Credit and Whitehall Bank's termination of Ms. Woodbury was part of the ongoing sexual harassment engaged in by her supervisor, Barnhard, in violation of M.G.L. c. 151B, sec. 1 et seq.

33. As a result of the above described conduct by defendants Barnhard, Retail Finance, Business Credit and Whitehall Bank, Plaintiff suffered lost wages and benefits, future lost wages and opportunities, loss of reputation and dignity, and emotional distress for which all defendants, including Barnhard, Webster, Mizuho and IBJTC Business Credit, are liable individually, jointly and severally.

34. Additionally, all defendants, including Barnhard, Webster, Mizuho and IBJTC Business Credit, are liable to Plaintiff, as permitted by statute and common law for costs, interest on judgment, attorney's fees as allowable by statute and punitive damages for conduct that warrants condemnation and deterrence or was outrageous or because the defendants showed reckless indifference to Plaintiff.

## COUNT II
## 42 U.S.C. 2000e-2(a)
## (SEXUAL HARASSMENT)

35. Plaintiff incorporates paragraphs 1 through 29 as if restated herein.

36. The conduct by defendants Barnhard, Retail Finance, Business Credit and Whitehall Bank, their employees and agents as set forth in paragraphs 13 through 29 herein constituted ongoing sexual harassment and created an ongoing abusive and/or hostile work environment for Ms. Woodbury based upon her gender in violation of Title 42 U.S.C. sec. 2000e-2(a), and Title VII of the Civil Rights Act of 1964.

37. Defendants Barnhard, Retail Finance, Business Credit and Whitehall Bank's termination of Ms. Woodbury was part of the ongoing sexual harassment engaged in by Barnhard and condoned by Whitehall Bank, its subsidiaries and/or its employees and agents in violation of Title 42 U.S.C. sec. 2000e-2(a), and Title VII of the Civil Rights Act of 1964.

38. As a result of the above described conduct by Barnhard, Retail Finance, Business Credit and Whitehall Bank, Plaintiff suffered lost wages and benefits, future lost wages and opportunities, loss of reputation and dignity, and emotional distress for which all defendants, including Barnhard, Webster, Mizuho and IBJTC Business Credit, are liable individually, jointly and severally.

39. Additionally, all defendants, including Barnhard, Webster, Mizuho and IBJTC Business Credit, are liable to Plaintiff, as permitted by statute and common law for costs, interest on judgment, attorney's fees as allowable by statute and punitive damages for conduct that warrants condemnation and deterrence or was outrageous or because the defendants showed reckless indifference to Plaintiff.

## COUNT III
## M.G.L. c. 151B
## (RETALIATION)

40. Plaintiff incorporates paragraphs 1 through 29 as if restated herein.

41. As set forth in paragraphs 13 through 29 herein, defendant Barnhard sexually harassed and created a hostile work environment for Ms. Woodbury based upon her gender in violation of M.G.L. c. 151B, sec. 1 et seq.

42. Defendants Barnhard, Retail Finance, Business Credit and Whitehall Bank and their employees/agents terminated Ms. Woodbury from her position at Retail Finance in retaliation for her (a) refusal to engage in sexual banter, (b) reporting Barnhard's offensive conduct as described in paragraph 23 above, and (c) opposing Barnhard's sex based hostile work environment and ongoing sexual harassment, all conducted in violation of M.G.L. c. 151B, sec 1, 4 et seq.

43. Defendants Barnhard, Retail Finance, Business Credit and Whitehall Bank's reasons for terminating Ms. Woodbury are pretextual.

44. As a result of the above described conduct by Barnhard, Retail Finance, Business Credit and Whitehall Bank and their employee/agents, Plaintiff suffered lost wages and benefits, future lost wages and opportunities, loss of reputation and dignity, and emotional distress for which all defendants, including Barnhard, Webster, Mizuho and IBJTC Business Credit, are liable individually, jointly and severally

45. Additionally, all defendants, including Barnhard, Webster, Mizuho and IBJTC Business Credit, are liable to Plaintiff, as permitted by statute and common law, for costs, interest on judgment, attorney's fees as allowable by statute and punitive damages for conduct that warrants condemnation and deterrence or was outrageous or because the defendants showed reckless indifference to Plaintiff.

## COUNT IV
## 42 U.S.C. sec. 2000e-2(a)
## (RETALIATION)

46. Plaintiff incorporates paragraphs 1 through 29 as if restated herein.

47. As set forth in paragraphs 13 through 29 herein, Defendant Barnhard sexually harassed and created a hostile work environment for Ms. Woodbury based upon her gender in violation of Title 42 U.S.C. sec 2000e-2(a) et seq., Title VII of the Civil Rights Act of 1964.

48. Defendants Barnhard, Retail Finance, Business Credit and Whitehall Bank and their employees/agents terminated Ms. Woodbury from Retail Finance in retaliation for her (a) refusal to engage in sexual banter, (b) reporting Barnhard's offensive conduct as described in paragraph 23 above, and (c) opposition to Barnhard's sex based hostile work environment and ongoing sexual harassment, all conducted in violation of Title 42 U.S.C. sec 2000e-2(a) et seq., Title VII of the Civil Rights Act of 1964.

49. Defendants Barnhard, Retail Finance, Business Credit and Whitehall Bank's reasons for terminating Ms. Woodbury are pretextual.

50. As a result of the above described conduct by Barnhard, Retail Finance, Business Credit and Whitehall Bank and their employee/agents, Plaintiff suffered lost back and future lost wages, benefits and opportunities, loss of reputation and dignity, and emotional distress for which defendants Barnhard, Webster, IBJTC Business Credit and Mizuho are liable individually, jointly and severally.

51. Additionally, defendants Barnhard, Webster, IBJTC Business Credit and Mizuho are liable to Plaintiff's for costs, interest on judgment, attorney's fees as allowable by statute and punitive damages for conduct that warrants condemnation and deterrence or was outrageous or because the defendants showed reckless indifference to Plaintiff.

## COUNT V
## M.G.L. 151B
### (FAILURE TO TAKE PROMPT REMEDIAL ACTION)

52. Plaintiff incorporates paragraphs 1 through 29 as if restated herein.

53. Plaintiff reported Robert Barnhard's conduct as described above in paragraphs 15, 16, 17, 18 and 20 to another one of her supervisors located in the Braintree offices of Retail Finance. This supervisor was an officer of Retail Finance, Business Credit and Whitehall Bank.

54. Despite the fact that Plaintiff reported this conduct, defendants Whitehall Bank, Business Credit and Retail Finance failed to take remedial action to correct Barnhard's behavior or terminate him for such violations in violation of M.G.L. 151B, sec. 1, 4 et seq.

55. Despite the fact that Plaintiff reported this conduct described in paragraph 23 above, Ms. Woodbury was regularly subjected to this offensive behavior throughout her employment with defendants Whitehall Bank, Business Credit and Retail Finance.

56. As a result of the above described conduct by Barnhard, Whitehall Bank, Retail Finance and Business Credit and their employee/agents, Plaintiff suffered lost wages and benefits, future lost wages and opportunities, loss of reputation and dignity, and emotional distress for which all defendants, including Barnhard, Webster, Mizuho and IBJTC Business Credit, are liable individually, jointly and severally pursuant to M.G.L. 151B, sec. 1 et seq. and other local statutes and rules.

57. As a result of the above described conduct, all defendants, including Barnhard, Webster, Mizuho and IBJTC Business Credit, are also liable to Plaintiff for costs, interest on judgment, attorney's fees as allowable by statute and punitive damages for conduct that warrants condemnation and deterrence or was outrageous or because the defendants showed reckless indifference to Plaintiff pursuant to M.G.L. 151B, sec. 1 et seq. and other local statutes and rules.

## COUNT VI
(NEGLIGENT SUPERVISION)

58. Plaintiff incorporates paragraphs 1 through 29 as if restated herein.

59. Defendants Retail Finance, Business Credit and Whitehall Bank had a duty to Plaintiff to exercise reasonable care in their hiring and retention of defendant Barnhard as a supervisor and employee.

60. Defendants Retail Finance, Business Credit and Whitehall Bank failed to exercise reasonable care in their hiring and retention of defendant Barnhard as a supervisor and employee for said defendants.

61. As a proximate cause of the negligent retention and supervision by defendants Retail Finance, Business Credit and Whitehall Bank, defendant Barnhard, in his capacity as Plaintiff's supervisor, verbally mistreated, emotionally abused and wrongfully terminated Plaintiff.

62. Defendants Retail Finance, Business Credit and Whitehall Bank knew or should have known that defendant Barnhard was not properly trained to supervise Plaintiff and/or that he was engaging in the conduct described above but retained him in that position anyway.

63. As a result of defendants' negligent supervision and retention of defendant Barnhard, Plaintiff suffered loss of back and front wages, future benefits and opportunities, loss of reputation and dignity, and emotional distress for which all defendants, including Mizuho, IBJTC Business Credit and Webster are liable individually, jointly and severally.

## COUNT VII
(DEFAMATION)

64. Plaintiff incorporates paragraphs 1 through 29 above as if restated herein.

65. On information and belief, Plaintiff avers that Robert Barnhard and/or other employees of Retail Finance, Business Credit and Whitehall Bank orally communicated publicly or to a third party that Plaintiff was a "stripper" and/or performed nude dance routines in a club.

66. The statements identified in paragraph 65 above are false and/or were intentionally made with falsity and/or malice by Barnhard and/or other employees of Retail Finance, Business Credit and Whitehall in an effort to injure Plaintiff's reputation in the community and workplace or otherwise humiliate her.

67. As a proximate result of defendant Barnhard and other employees referenced in paragraph 65 above and their public and unprivileged statements, Plaintiff sustained and suffered great emotional anguish and emotional distress, loss of reputation and respect in the community and work place, humiliation, loss of front and back wages, loss of benefits and opportunity, and was otherwise greatly injured for which defendant Barnhard is liable.

## COUNT VIII

(INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS)

68. Plaintiff incorporates paragraphs 1 through 29 above as if restated herein.

69. Barnhard's acts were intentional and constituted extreme and outrageous conduct, causing Plaintiff severe and great mental anguish and emotional distress.

70. As a proximate result of Barnhard's reprehensible acts aforesaid, Plaintiff sustained and suffered severe and great emotional anguish and emotional distress, and was otherwise greatly injured and humiliated for which defendant Barnhard is liable.

## COUNT IX

(RECKLESS INFLICTION OF EMOTIONAL DISTRESS)

71. Plaintiff incorporates paragraphs 1 through 29 above as if restated herein.

72. Defendant Barnhard's acts were reckless, and constituted extreme and outrageous conduct, causing Plaintiff severe and great mental anguish and emotional distress.

73. As a proximate result of defendant Barnhard's acts, Plaintiff sustained and suffered severe and great emotional anguish and emotional distress, and was otherwise greatly injured and humiliated for which defendant Barnhard is liable.

## DEMANDS FOR RELIEF

Based upon the foregoing violations of M.G.L. c. 151B, sec. 1 et seq., Title 42 U.S.C. sec. 2000e-2(a) et seq., Title VII of the Civil Rights Act of 1964, and Counts I through IX, Plaintiff requests the following relief:

1. An award for past and future lost wages, benefits and opportunities, pre and post judgment interest, damages for emotional distress, damages for humiliation and loss of reputation, punitive damages and attorney's fees as permitted by law;

3. For such other and further relief as this Commission deems meet and just.

4. Plaintiff demands a jury trial as to each and every triable count above.

Respectfully submitted,
By Plaintiff's Attorney,

_____
JAMES BUDREAU, BBO# 553391
20 PARK PLAZA, SUITE 905
BOSTON, MA 02152