UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| MICHELLE WOODBURY )<br>    Plaintiff, )<br>)<br>v. )<br>)<br>ROBERT BARNHARD )<br>    Individually and as an Officer of )<br>    IBJ Whitehall Retail Finance, )<br>)<br>MIZUHO CORPORATE BANK )<br>    (USA), also known as IBJ )<br>    Whitehall Bank & Trust )<br>    Company, )<br>)<br>IBJTC BUSINESS CREDIT )<br>    CORPORATION, also known )<br>    as IBJ Whitehall Business )<br>    Credit Corp.& IBJ Whitehall )<br>    Retail Finance )<br>)<br>WEBSTER BUSINESS CREDIT )<br>    CORPORATION, also known )<br>    as IBJ Whitehall Retail )<br>    Finance )<br>                Defendants )<br>) | CIVIL ACTION NO. 04-11990-JLT |

## ANSWER OF DEFENDANT ROBERT BARNHARD
## TO AMENDED COMPLAINT

    Defendant Barnhard neither admits nor denies the allegations contained in the unnumbered paragraphs in the section of the Complaint titled "Introduction," since the Introduction attempts to summarize averments set forth in the separately numbered paragraphs of the Amended Complaint.

-1-

Defendant Barnhard respectfully refers to his responses to said separately numbered paragraphs for his response to the Introduction.

1. Defendant Barnhard denies the allegations contained in paragraph 1 of the Complaint, except states that he is without knowledge or information sufficient to form a belief as to the location of Woodbury's principal place of residence, admits that Woodbury is a female and was employed by IBJ Whitehall Business Credit Corporation from in or about April 2000 to October 15, 2001, and neither admits nor denies the allegation that Woodbury is a member of a protected class, since it constitutes a conclusion of law to which no response is required.

2. Defendant Barnhard denies the allegations contained in paragraph 2 of the Complaint, except admits that he was an employee and officer of IBJ Whitehall Business Credit Corporation during a time period that included April 2000 through October 2001, and admits that his principal place of residence is Marshfield, Massachusetts.

3. Defendant Barnhard denies the allegations contained in paragraph 3 of the Complaint, except admits that Mizuho Corporate Bank (USA) ("Mizuho") has its principal place of business at 1251 Avenue of the Americas, New York, New York, and is the successor by merger to IBJW Whitehall Bank and Trust Company.

4. Defendant Barnhard denies the allegations contained in paragraph 4 of the Complaint.

5. Defendant Barnhard denies the allegations contained in paragraph 5 of the Complaint, except admits that an office of the IBJ Whitehall Retail Finance Division ("Retail Finance") of IBJ Whitehall Business Credit Corporation was located at 45 Braintree Hill Office Park in Braintree, County of Norfolk, Massachusetts and that during the time that Ms. Woodbury was

employed, there were approximately eight employees, including Ms. Woodbury.

6. Defendant Barnhard denies the allegations contained in paragraph 6 of the Complaint, except admits that during the period of Woodbury's employment by IBJ Whitehall Business Credit Corporation ("Business Credit"), Business Credit's principal place of business was at 1 State Street, New York, New York and Retail Finance was a division of Business Credit.

6(a). Defendant Barnhard denies the allegations contained in paragraph 6(a) of the Complaint, except admits that Webster Bank, IBJ Business Credit Corporation and the Industrial Bank of Japan Trust Company entered into a Purchase and Sale Agreement, dated as of May 17, 2002, respectfully refers the Court to said agreement for the terms thereof, and admits that Webster has offices located at 45 Braintree Office Park in Braintree, County of Norfolk, Massachusetts.

6(b). Defendant Barnhard denies the allegations contained in paragraph 6(b) of the Complaint.

6(c). Defendant Barnhard denies the allegations contained in paragraph 6(c) of the Complaint, except admits that certain offices of Webster Business Credit Corporation ("Business Credit") are located in space formerly occupied by Business Credit.

7. Defendant Barnhard denies the allegations contained in paragraph 7 of the Complaint, except admits that during the period of Woodbury's employment by Business Credit, Business Credit was a wholly owned subsidiary of IBJ Whitehall Bank and Trust Company ("Whitehall Bank") and that Whitehall Bank's principal place of business was located at One State Street, New York, New York.

8. Defendant Barnhard denies the allegations contained in paragraph 8 of the Complaint, except

    admits that Woodbury was employed by Business Credit from in or about April 2000 until October 15, 2001 and that Barnhard was also an employee of Business Credit throughout that time period.

9. Defendant Barnhard admits the allegations contained in paragraph 9 of the Complaint.

10. Defendant Barnhard denies the allegations contained in paragraph 10 of the Complaint, except admits that on a date subsequent to Woodbury's termination by Business Credit, The Industrial Bank of Japan Trust Company ("IBJ Trust") became the successor by merger to Whitehall Bank.

11. Defendant Barnhard denies the allegations contained in paragraph 11 of the Complaint, except admits that on a date subsequent to Woodbury's termination by Business Credit, Mizuho became the successor by merger to IBJ Trust.

12. Defendant Barnhard denies the allegations contained in paragraph 12 of the Complaint, except neither admits nor denies the allegations contained in the second sentence of said paragraph, since they constitute conclusions of law to which no response is required.

13. Defendant Barnhard denies the allegations contained in paragraph 13 of the Complaint, except admits that he had the authority to supervise employees working in the Retail Finance Division of Business Credit during the period of time that he was employed by Business Credit.

14. Defendant Barnhard denies the allegations contained in paragraph 14 of the Complaint, except admits that in April 2000, Business Credit hired Woodbury to perform secretarial and office assistant duties at the Braintree, Massachusetts office of its Retail Finance Division.

15. Defendant Barnhard denies the allegations contained in paragraph 15 of the Complaint.

16. Defendant Barnhard denies the allegations contained in paragraph 16 of the Complaint.

17. Defendant Barnhard denies the allegations contained in paragraph 17 of the Complaint.

18. Defendant Barnhard denies the allegations contained in paragraph 18 of the Complaint.

19. Defendant Barnhard denies the allegations contained in paragraph 19 of the Complaint, except admits that in or about early June 2001, Woodbury commenced about two months of maternity leave and returned to the office on August 6, 2001.

20. Defendant Barnhard denies the allegations contained in paragraph 20 of the Complaint.

21. Defendant Barnhard denies the allegations contained in paragraph 21 of the Complaint.

22. Defendant Barnhard denies the allegations contained in paragraph 22 of the Complaint.

23. Defendant Barnhard denies the allegations contained in paragraph 23 of the Complaint.

24. Defendant Barnhard denies the allegations contained in paragraph 24 of the Complaint.

25. Defendant Barnhard denies the allegations contained in paragraph 25 of the Complaint.

26. Defendant Barnhard denies the allegations contained in paragraph 26 of the Complaint.

27. Defendant Barnhard denies the allegations contained in paragraph 27 of the Complaint.

28. Defendant Barnhard denies the allegations contained in paragraph 28 of the Complaint.

29. Defendant Barnhard denies the allegations contained in paragraph 29 of the Complaint.

30. Defendant Barnhard repeats and realleges his responses to paragraphs 1 through 29 of the Complaint as if fully set forth at length herein, in response to paragraph 30 thereof.

31. Defendant Barnhard denies the allegations contained in paragraph 31 of the Complaint.

32. Defendant Barnhard denies the allegations contained in paragraph 32 of the Complaint.

33. Defendant Barnhard denies the allegations contained in paragraph 33 of the Complaint.

34. Defendant Barnhard denies the allegations contained in paragraph 34 of the Complaint.

35. Defendant Barnhard repeats and realleges his responses to paragraphs 1 through 29 of the Complaint as if fully set forth at length herein, in response to paragraph 35 thereof.

36. Defendant Barnhard denies the allegations contained in paragraph 36 of the Complaint.

37. Defendant Barnhard denies the allegations contained in paragraph 37 of the Complaint.

38. Defendant Barnhard denies the allegations contained in paragraph 38 of the Complaint.

39. Defendant Barnhard denies the allegations contained in paragraph 39 of the Complaint.

40. Defendant Barnhard repeats and realleges his responses to paragraphs 1 through 29 of the Complaint as if fully set forth at length herein, in response to paragraph 40 thereof.

41. Defendant Barnhard denies the allegations contained in paragraph 41 of the Complaint.

42. Defendant Barnhard denies the allegations contained in paragraph 42 of the Complaint.

43. Defendant Barnhard denies the allegations contained in paragraph 43 of the Complaint.

44. Defendant Barnhard denies the allegations contained in paragraph 44 of the Complaint.

45. Defendant Barnhard denies the allegations contained in paragraph 45 of the Complaint.

46. Defendant Barnhard repeats and realleges his responses to paragraphs 1 through 29 of the Complaint as if fully set forth at length herein, in response to paragraph 46 thereof.

47. Defendant Barnhard denies the allegations contained in paragraph 47 of the Complaint.

48. Defendant Barnhard denies the allegations contained in paragraph 48 of the Complaint.

49. Defendant Barnhard denies the allegations contained in paragraph 49 of the Complaint.

50. Defendant Barnhard denies the allegations contained in paragraph 50 of the Complaint.

51. Defendant Barnhard denies the allegations contained in paragraph 51 of the Complaint.

52. Defendant Barnhard repeats and realleges his responses to paragraphs 1 through 29 of the Complaint as if fully set forth at length herein, in response to paragraph 52 thereof.

53. Defendant Barnhard denies the allegations contained in paragraph 53 of the Complaint.

54. Defendant Barnhard denies the allegations contained in paragraph 54 of the Complaint.

55. Defendant Barnhard denies the allegations contained in paragraph 55 of the Complaint.

56. Defendant Barnhard denies the allegations contained in paragraph 56 of the Complaint.

57. Defendant Barnhard denies the allegations contained in paragraph 57 of the Complaint.

58. Defendant Barnhard repeats and realleges his responses to paragraphs 1 through 29 of the Complaint as if fully set forth at length herein, in response to paragraph 58 thereof.

59. Defendant Barnhard neither admits nor denies the allegations contained in paragraph 59 of the Complaint, since they constitute conclusions of law to which no response is required.

60. Defendant Barnhard denies the allegations contained in paragraph 60 of the Complaint.

61. Defendant Barnhard denies the allegations contained in paragraph 61 of the Complaint.

62. Defendant Barnhard denies the allegations contained in paragraph 62 of the Complaint.

63. Defendant Barnhard denies the allegations contained in paragraph 63 of the Complaint.

64. Defendant Barnhard repeats and realleges his responses to paragraphs 1 through 29 of the Complaint as if fully set forth at length herein, in response to paragraph 64 thereof.

65. Defendant Barnhard denies the allegations contained in paragraph 65 of the Complaint.

66. Defendant Barnhard denies the allegations contained in paragraph 66 of the Complaint.

67. Defendant Barnhard denies the allegations contained in paragraph 67 of the Complaint.

68. Defendant Barnhard repeats and realleges his responses to paragraphs 1 through 29 of the

Complaint as if fully set forth at length herein, in response to paragraph 68 thereof.

69. Defendant Barnhard denies the allegations contained in paragraph 69 of the Complaint.

70. Defendant Barnhard denies the allegations contained in paragraph 70 of the Complaint.

71. Defendant Barnhard repeats and realleges his responses to paragraphs 1 through 29 of the Complaint as if fully set forth at length herein, in response to paragraph 71 thereof.

72. Defendant Barnhard denies the allegations contained in paragraph 72 of the Complaint.

73. Defendant Barnhard denies the allegations contained in paragraph 73 of the Complaint.

## FIRST AFFIRMATIVE DEFENSE

The Complaint and each and every Count therein fails to state a claim upon which relief may be granted.

## SECOND AFFIRMATIVE DEFENSE

Plaintiff did not file her Charge of Discrimination with the Massachusetts Commission Against Discrimination (the "MCAD") in a timely manner. By reason of the foregoing, plaintiff's claims for discrimination are barred by the applicable statutes of limitations.

## THIRD AFFIRMATIVE DEFENSE

As to Count VII of the Complaint, plaintiff cannot sustain her burden of proving that any allegedly defamatory statement is false.

## FOURTH AFFIRMATIVE DEFENSE

As to Count VII of the Complaint, plaintiff cannot sustain her burden of proving that any allegedly defamatory statement was published with actual malice or any other level of fault held applicable to this case.

**FIFTH AFFIRMATIVE DEFENSE**

As to Count VII of the Complaint, the allegedly defamatory statements contain constitutionally protected expressions of opinion.

**SIXTH AFFIRMATIVE DEFENSE**

As to Count VII of the Complaint, the allegedly defamatory statements caused no injury to plaintiff, and this claim for relief is therefore barred.

**SEVENTH AFFIRMATIVE DEFENSE**

As to Count VII of the Complaint, any allegedly defamatory statements were privileged, thus barring the claim for relief.

**EIGHTH AFFIRMATIVE DEFENSE**

Plaintiff's claims for lost wages and benefits and for future lost wages and opportunities are barred by reason of plaintiff's failure to mitigate her damages, if any.

**NINTH AFFIRMATIVE DEFENSE**

As to Counts VIII and IX of the Complaint, the exclusive remedy for the injuries alleged by Plaintiff is workers' compensation benefits pursuant to G.L. c. 152, thus barring her claims for relief.

WHEREFORE, Defendant Barnhard respectfully requests that the Court enter judgment:

A.   Dismissing the Amended Complaint in its entirety with prejudice;

B.   Awarding him the costs and disbursements of this action, including attorneys' fees; and

C.   Granting such other and further relief as to the Court seems just and proper.

|  |  |
|---|---|
|  | Defendant<br>Robert Barnhard<br>By his attorneys, |
|  | /s    Howard M. Brown<br>HOWARD M. BROWN<br>BBO #547948<br>Bartlett Hackett Feinberg P.C.<br>10 High Street- Suite 920<br>Boston, MA 02110 |
| DATED:October 13, 2004 | Tel. (617) 422-0200 |