UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| MICHELLE WOODBURY,<br><br>                      Plaintiff,<br><br>-against-<br><br>ROBERT BARNHARD, Individually and as an Officer of IBJ Whitehall Retail Finance, MIZUHO CORPORATE BANK (USA), also known as IBJ Whitehall Bank & Trust Company, IBJTC BUSINESS CREDIT CORPORATION, also known as IBJ Whitehall Business Credit Corp. & IBJ Whitehall Retail Finance, WEBSTER BUSINESS CREDIT CORPORATION, also known as IBJ Whitehall Retail Finance,<br><br>                      Defendants. | Civil Action No. 04 11990 JLT |

**ANSWER OF DEFENDANT WEBSTER BUSINESS
CREDIT CORPORATION TO FIRST AMENDED COMPLAINT**

Defendant Webster Business Credit Corporation ("Webster"), by its undersigned attorneys, hereby answers the First Amended Complaint of Michelle Woodbury, filed in the Norfolk County Superior Court on August 19, 2004 (the "Complaint"), as follows:

Neither admits nor denies the allegations contained in the unnumbered paragraphs in the section of the Complaint titled "Introduction," since the Introduction attempts to summarize averments set forth in the separately numbered paragraphs of the Complaint, and respectfully refers plaintiff to Webster's responses to said separately numbered paragraphs for Webster's response to the Introduction.

       1.      States that it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 1 of the Complaint, except neither

admits nor denies the allegation that Woodbury is a member of a protected class, since it constitutes a conclusion of law to which no response is required.

2. States that it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 2 of the Complaint.

3. States that it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 3 of the Complaint.

4. States that it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 4 of the Complaint.

5. States that it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 5 of the Complaint, except admits that an office of the IBJ Whitehall Retail Finance Division ("Retail Finance") of IBJ Whitehall Business Credit Corporation ("Business Credit") was formerly located at 45 Braintree Hill Office Park in Braintree, County of Norfolk, Massachusetts.

6. States that it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 6 of the Complaint, except admits that Business Credit formerly had a place of business at 1 State Street, New York, New York and that Retail Finance was a division of Business Credit.

6(a). Denies the allegations contained in paragraph 6(a) of the Complaint, except admits that Webster Bank, IBJ Business Credit Corporation and The Industrial Bank of Japan Trust Company entered into a Purchase and Assumption Agreement, dated as of May 17, 2002, respectfully refer the Court to said agreement for the terms thereof, and admit that Webster has offices located at 45 Braintree Hill Office Park in Braintree, County of Norfolk, Massachusetts.

6(b). Denies the allegations contained in paragraph 6(b) of the Complaint.

6(c). Denies the allegations contained in paragraph 6(c) of the Complaint, except admits that certain offices of Webster are located in space formerly occupied by Business Credit.

7. States that it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 7 of the Complaint.

8. States that it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 8 of the Complaint.

9. States that it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 9 of the Complaint.

10. States that it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 10 of the Complaint.

11. States that it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 11 of the Complaint.

12. States that it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 12 of the Complaint.

13. States that it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 13 of the Complaint.

14. States that it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 14 of the Complaint.

15. States that it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 15 of the Complaint.

16. States that it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 16 of the Complaint.

17. States that it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 17 of the Complaint.

18. States that it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 18 of the Complaint.

19. States that it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 19 of the Complaint.

20. States that it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 20 of the Complaint.

21. States that it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 21 of the Complaint.

22. States that it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 22 of the Complaint.

23. States that it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 23 of the Complaint.

24. States that it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 24 of the Complaint.

25. States that it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 25 of the Complaint.

26. States that it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 26 of the Complaint.

27. States that it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 27 of the Complaint.

28. States that it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 28 of the Complaint.

29. States that it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 29 of the Complaint.

## ANSWER TO COUNT I

30. Repeats and realleges its responses to paragraphs 1 through 29 of the Complaint as if fully set forth at length herein, in response to paragraph 30 thereof.

31. States that it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 31 of the Complaint.

32. States that it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 32 of the Complaint.

33. Denies the allegations contained in paragraph 33 of the Complaint, except states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations concerning defendants other than Webster.

34. Denies the allegations contained in paragraph 34 of the Complaint, except states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations concerning defendants other than Webster.

## ANSWER TO COUNT II

35. Repeats and realleges its responses to paragraphs 1 through 29 of the Complaint as if fully set forth at length herein, in response to paragraph 35 thereof.

36. States that it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 36 of the Complaint.

37. States that it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 37 of the Complaint.

38. Denies the allegations contained in paragraph 38 of the Complaint, except states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations concerning defendants other than Webster.

39. Denies the allegations contained in paragraph 39 of the Complaint, except states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations concerning defendants other than Webster.

## **ANSWER TO COUNT III**

40. Repeats and realleges its responses to paragraphs 1 through 29 of the Complaint as if fully set forth at length herein, in response to paragraph 40 thereof.

41. States that it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 41 of the Complaint.

42. States that it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 42 of the Complaint.

43. States that it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 43 of the Complaint.

44. Denies the allegations contained in paragraph 44 of the Complaint, except states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations concerning defendants other than Webster.

45. Denies the allegations contained in paragraph 45 of the Complaint, except states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations concerning defendants other than Webster.

## ANSWER TO COUNT IV

46. Repeats and realleges its responses to paragraphs 1 through 29 of the Complaint as if fully set forth at length herein, in response to paragraph 46 thereof.

47. States that it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 47 of the Complaint.

48. States that it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 48 of the Complaint.

49. States that it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 49 of the Complaint.

50. Denies the allegations contained in paragraph 50 of the Complaint, except states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations concerning defendants other than Webster.

51. Denies the allegations contained in paragraph 51 of the Complaint, except states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations concerning defendants other than Webster.

## ANSWER TO COUNT V

52. Repeats and realleges its responses to paragraphs 1 through 29 of the Complaint as if fully set forth at length herein, in response to paragraph 52 thereof.

53. States that it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 53 of the Complaint.

54. States that it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 54 of the Complaint.

55. States that it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 55 of the Complaint.

56. Denies the allegations contained in paragraph 56 of the Complaint, except states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations concerning defendants other than Webster.

57. Denies the allegations contained in paragraph 57 of the Complaint, except states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations concerning defendants other than Webster.

## ANSWER TO COUNT VI

58. Repeats and realleges its responses to paragraphs 1 through 29 of the Complaint as if fully set forth at length herein, in response to paragraph 58 thereof.

59. Neither admits nor denies the allegations contained in paragraph 59 of the Complaint, since they constitute conclusions of law to which no response is required.

60. States that it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 60 of the Complaint.

61. States that it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 61 of the Complaint.

62. States that it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 62 of the Complaint.

63. Denies the allegations contained in paragraph 63 of the Complaint, except states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations concerning defendants other than Webster.

## ANSWER TO COUNT VII

64. Repeats and realleges its responses to paragraphs 1 through 29 of the Complaint as if fully set forth at length herein, in response to paragraph 64 thereof.

65. Neither admits nor denies the allegations contained in paragraph 65 of the Complaint, since Count VII in not alleged against Webster. To the extent Count VII could be construed as alleging a claim against said defendant, Webster states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 65 of the Complaint.

66. Neither admits nor denies the allegations contained in paragraph 66 of the Complaint, since Count VII in not alleged against Webster. To the extent Count VII could be construed as alleging a claim against said defendant, Webster states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 66 of the Complaint.

67. Neither admits nor denies the allegations contained in paragraph 67 of the Complaint, since Count VII in not alleged against Webster. To the extent Count VII could be construed as alleging a claim against said defendant, Webster states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 67 of the Complaint.

### ANSWER TO COUNT VIII

68. Repeats and realleges its responses to paragraphs 1 through 29 of the Complaint as if fully set forth at length herein, in response to paragraph 68 thereof.

69. Neither admits nor denies the allegations contained in paragraph 69 of the Complaint, since Count VIII in not alleged against Webster. To the extent Count VIII could be construed as alleging a claim against said defendant, Webster states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 69 of the Complaint.

70. Neither admits nor denies the allegations contained in paragraph 70 of the Complaint, since Count VIII in not alleged against Webster. To the extent Count VIII could be construed as alleging a claim against said defendant, Webster states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 70 of the Complaint.

### ANSWER TO COUNT IX

71. Repeats and realleges its responses to paragraphs 1 through 29 of the Complaint as if fully set forth at length herein, in response to paragraph 71 thereof.

72. Neither admits nor denies the allegations contained in paragraph 72 of the Complaint, since Count IX in not alleged against Webster. To the extent Count IX could be construed as alleging a claim against said defendant, Webster states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 72 of the Complaint.

73. Neither admits nor denies the allegations contained in paragraph 73 of the Complaint, since Count IX in not alleged against Webster. To the extent Count IX could be construed as alleging a claim against said defendant, Webster states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 73 of the Complaint.

### FIRST AFFIRMATIVE DEFENSE

74. The Complaint and each and every Count therein fails to state a claim against Webster upon which relief may be granted.

## SECOND AFFIRMATIVE DEFENSE

75.     Webster is not and never has been "a continuation of the corporate entity of Business Credit and Retail Finance," and by reason thereof no basis exists for any of plaintiff's claims against Webster.

## THIRD AFFIRMATIVE DEFENSE

76.     Plaintiff's claims against Webster are barred because plaintiff failed to exhaust her administrative remedies by failing to name Webster as a respondent in the administrative charges that she filed with the Massachusetts Commission Against Discrimination ("MCAD").

## FOURTH AFFIRMATIVE DEFENSE

77.     Plaintiff alleges that Barnhard's allegedly discriminatory conduct commenced in June or July 2000, but Woodbury did not file her Charge of Discrimination with the MCAD until November 28, 2001.

78.     By reason of the foregoing, plaintiff's claims for discrimination are barred by the applicable statutes of limitations.

## FIFTH AFFIRMATIVE DEFENSE

79.     Plaintiff's claims against Webster for discrimination and retaliation are barred because, on information and belief, Woodbury never reported or made any complaint of alleged sexual harassment to her supervisors, any Human Resources Officer or anyone else employed by Business Credit.

## SIXTH AFFIRMATIVE DEFENSE

80.     Plaintiff's claims against Webster for discrimination and retaliation are barred because, on information and belief, Business Credit exercised reasonable care to prevent

-12-

and correct promptly any sexually harassing behavior, and Woodbury unreasonably failed to take advantage of the preventive and corrective opportunities available pursuant to Business Credit's anti-harassment policy for any conduct that Woodbury believed was discriminatory.

### SEVENTH AFFIRMATIVE DEFENSE

81. Plaintiff's claims against Webster are barred in their entirety because, on information and belief, Business Credit provided a reasonable avenue for complaints of discrimination and had no knowledge of the complained of conduct until plaintiff filed her Charge of Discrimination with the MCAD.

### EIGHTH AFFIRMATIVE DEFENSE

82. Count VI of the Complaint is preempted by the Workers' Compensation Act, G.L. c. 152.

### NINTH AFFIRMATIVE DEFENSE

83. Plaintiff's claims for lost wages and benefits and for future lost wages and opportunities are barred by reason of plaintiff's failure to mitigate her damages, if any.

WHEREFORE, defendant Webster Business Credit Corporation demands judgment:

A. Dismissing the Complaint as against it in its entirety with prejudice;

B. Awarding Webster the costs and disbursements of this action, including attorneys' fees; and

C. Granting such other and further relief as to the Court seems just and proper.

Dated:   October 12, 2004

        Defendant Webster Business Credit Corporation
        By its attorney,

        __/s/ Howard M. Brown_____
        HOWARD M. BROWN
        BBO #547948
        Bartlett Hackett Feinberg P.C.
        10 High Street – Suite 920
        Boston, MA  02110
        Tel. (617) 422-0200

Of Counsel:   Michael M. Gordon
                Cadwalader, Wickersham & Taft LLP
                100 Maiden Lane
                New York, NY  10038
                Tel. (212) 504-6000