UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

MICHELLE WOODBURY,

       Plaintiff,

-against-

ROBERT BARNHARD, Individually and as an Officer of IBJ Whitehall Retail Finance, MIZUHO CORPORATE BANK (USA), also known as IBJ Whitehall Bank & Trust Company, IBJTC BUSINESS CREDIT CORPORATION, also known as IBJ Whitehall Business Credit Corp. & IBJ Whitehall Retail Finance, WEBSTER BUSINESS CREDIT CORPORATION, also known as IBJ Whitehall Retail Finance,

       Defendants.

Civil Action No. 04 11990 JLT

## ANSWER OF DEFENDANTS MIZUHO CORPORATE BANK (USA) AND IBJTC BUSINESS CREDIT CORPORATION TO FIRST AMENDED COMPLAINT

Defendant Mizuho Corporate Bank (USA), successor by merger to The Industrial Bank of Japan Trust Company, successor by merger to IBJW Whitehall Bank and Trust Company, and defendant IBJTC Business Credit Corporation (formerly known as IBJ Whitehall Business Credit Corporation), by their undersigned attorneys, hereby answer the First Amended Complaint of Michelle Woodbury, filed in the Norfolk County Superior Court on August 19, 2004 (the "Complaint"), as follows:

Neither admit nor deny the allegations contained in the unnumbered paragraphs in the section of the Complaint titled "Introduction," since the Introduction attempts to summarize averments set forth in the separately numbered paragraphs of the Complaint, and respectfully

refer plaintiff to defendants' responses to said separately numbered paragraphs for defendants' response to the Introduction.

1. Deny the allegations contained in paragraph 1 of the Complaint, except state that they are without knowledge or information sufficient to form a belief as to the location of Woodbury's principal place of residence, admit that Woodbury is a female and was employed by IBJ Whitehall Business Credit Corporation from in or about April 2000 to October 15, 2001, and neither admit nor deny the allegation that Woodbury is a member of a protected class, since it constitutes a conclusion of law to which no response is required.

2. Deny the allegations contained in paragraph 2 of the Complaint, except admit that Barnhard was an employee and officer of IBJ Whitehall Business Credit Corporation during a time period that included April 2000 through October 2001, and state that they are without knowledge or information sufficient to form a belief as to Barnhard's principal place of residence.

3. Deny the allegations contained in paragraph 3 of the Complaint, except admit that Mizuho Corporate Bank (USA) ("Mizuho") has its principal place of business at 1251 Avenue of the Americas, New York, New York, and is the successor by merger to IBJW Whitehall Bank and Trust Company.

4. Deny the allegations contained in paragraph 4 of the Complaint.

5. Deny the allegations contained in paragraph 5 of the Complaint, except admit that an office of the IBJ Whitehall Retail Finance Division ("Retail Finance") of IBJ Whitehall Business Credit Corporation was located at 45 Braintree Hill Office Park in Braintree, County of Norfolk, Massachusetts, and that during the time that Woodbury was employed by IBJ Whitehall Business Credit Corporation, approximately eight employees worked at said office.

6.  Deny the allegations contained in paragraph 6 of the Complaint, except admit that during the period of Woodbury's employment by IBJ Whitehall Business Credit Corporation ("Business Credit"), Business Credit's principal place of business was at 1 State Street, New York, New York and Retail Finance was a division of Business Credit.

6(a).  Deny the allegations contained in paragraph 6(a) of the Complaint, except admit that Webster Bank, IBJ Business Credit Corporation and The Industrial Bank of Japan Trust Company entered into a Purchase and Assumption Agreement, dated as of May 17, 2002, respectfully refer the Court to said agreement for the terms thereof, and admit that Webster has offices located at 45 Braintree Hill Office Park in Braintree, County of Norfolk, Massachusetts.

6(b).  Deny the allegations contained in paragraph 6(b) of the Complaint.

6(c).  Deny the allegations contained in paragraph 6(c) of the Complaint, except admit that certain offices of Webster Business Credit Corporation ("Webster") are located in space formerly occupied by Business Credit.

7.  Deny the allegations contained in paragraph 7 of the Complaint, except admits that during the period of Woodbury's employment by Business Credit, Business Credit was a wholly owned subsidiary of IBJ Whitehall Bank and Trust Company ("Whitehall Bank") and that Whitehall Bank's principal place of business was located at One State Street, New York, New York.

8.  Deny the allegations contained in paragraph 8 of the Complaint, except admit that Woodbury was employed by Business Credit from in or about April 2000 until October 15, 2001 and that Barnhard was also an employee of Business Credit throughout that time period.

9.  Admit the allegations contained in paragraph 9 of the Complaint.

10. Deny the allegations contained in paragraph 10 of the Complaint, except admit that on a date subsequent to Woodbury's termination by Business Credit, The Industrial Bank of Japan Trust Company ("IBJ Trust") became the successor by merger to Whitehall Bank.

11. Deny the allegations contained in paragraph 11 of the Complaint, except admit that on a date subsequent to Woodbury's termination by Business Credit, Mizuho became the successor by merger to IBJ Trust.

12. Deny the allegations contained in paragraph 12 of the Complaint, except neither admit nor deny the allegations contained in the second sentence of said paragraph, since they constitute conclusions of law to which no response is required.

13. Deny the allegations contained in paragraph 13 of the Complaint, except admit that Barnhard had the authority to supervise employees working in the Retail Finance Division of Business Credit during the period of time that Barnhard was employed by Business Credit.

14. Deny the allegations contained in paragraph 14 of the Complaint, except admit that in April 2000, Business Credit hired Woodbury to perform secretarial and office assistant duties at the Braintree, Massachusetts office of its Retail Finance Division.

15. Deny the allegations contained in paragraph 15 of the Complaint.

16. Deny the allegations contained in paragraph 16 of the Complaint.

17. Deny the allegations contained in paragraph 17 of the Complaint.

18. Deny the allegations contained in paragraph 18 of the Complaint.

19. Deny the allegations contained in paragraph 19 of the Complaint, except admit that in or about early June 2001, Woodbury commenced about two months of maternity leave and returned to the office on August 6, 2001.

20. Deny the allegations contained in paragraph 20 of the Complaint.

21. Deny the allegations contained in paragraph 21 of the Complaint.

22. Deny the allegations contained in paragraph 22 of the Complaint.

23. Deny the allegations contained in paragraph 23 of the Complaint.

24. Deny the allegations contained in paragraph 24 of the Complaint.

25. Deny the allegations contained in paragraph 25 of the Complaint.

26. Deny the allegations contained in paragraph 26 of the Complaint.

27. Deny the allegations contained in paragraph 27 of the Complaint.

28. Deny the allegations contained in paragraph 28 of the Complaint.

29. Deny the allegations contained in paragraph 29 of the Complaint.

## ANSWER TO COUNT I

30. Repeat and reallege their responses to paragraphs 1 through 29 of the Complaint as if fully set forth at length herein, in response to paragraph 30 thereof.

31. Deny the allegations contained in paragraph 31 of the Complaint.

32. Deny the allegations contained in paragraph 32 of the Complaint.

33. Deny the allegations contained in paragraph 33 of the Complaint.

34. Deny the allegations contained in paragraph 34 of the Complaint.

## ANSWER TO COUNT II

35. Repeat and reallege their responses to paragraphs 1 through 29 of the Complaint as if fully set forth at length herein, in response to paragraph 35 thereof.

36. Deny the allegations contained in paragraph 36 of the Complaint.

37. Deny the allegations contained in paragraph 37 of the Complaint.

38. Deny the allegations contained in paragraph 38 of the Complaint.

39. Deny the allegations contained in paragraph 39 of the Complaint.

## ANSWER TO COUNT III

40. Repeat and reallege their responses to paragraphs 1 through 29 of the Complaint as if fully set forth at length herein, in response to paragraph 40 thereof.

41. Deny the allegations contained in paragraph 41 of the Complaint.

42. Deny the allegations contained in paragraph 42 of the Complaint.

43. Deny the allegations contained in paragraph 43 of the Complaint.

44. Deny the allegations contained in paragraph 44 of the Complaint.

45. Deny the allegations contained in paragraph 45 of the Complaint.

## ANSWER TO COUNT IV

46. Repeat and reallege their responses to paragraphs 1 through 29 of the Complaint as if fully set forth at length herein, in response to paragraph 46 thereof.

47. Deny the allegations contained in paragraph 47 of the Complaint.

48. Deny the allegations contained in paragraph 48 of the Complaint.

49. Deny the allegations contained in paragraph 49 of the Complaint.

50. Deny the allegations contained in paragraph 50 of the Complaint.

51. Deny the allegations contained in paragraph 51 of the Complaint.

## ANSWER TO COUNT V

52. Repeat and reallege their responses to paragraphs 1 through 29 of the Complaint as if fully set forth at length herein, in response to paragraph 52 thereof.

53. Deny the allegations contained in paragraph 53 of the Complaint.

54. Deny the allegations contained in paragraph 54 of the Complaint.

55. Deny the allegations contained in paragraph 55 of the Complaint.

56. Deny the allegations contained in paragraph 56 of the Complaint.

57. Deny the allegations contained in paragraph 57 of the Complaint.

## ANSWER TO COUNT VI

58. Repeat and reallege their responses to paragraphs 1 through 29 of the Complaint as if fully set forth at length herein, in response to paragraph 58 thereof.

59. Neither admit nor deny the allegations contained in paragraph 59 of the Complaint, since they constitute conclusions of law to which no response is required.

60. Deny the allegations contained in paragraph 60 of the Complaint.

61. Deny the allegations contained in paragraph 61 of the Complaint.

62. Deny the allegations contained in paragraph 62 of the Complaint.

63. Deny the allegations contained in paragraph 63 of the Complaint.

## ANSWER TO COUNT VII

64. Repeat and reallege their responses to paragraphs 1 through 29 of the Complaint as if fully set forth at length herein, in response to paragraph 64 thereof.

65. Neither admit nor deny the allegations contained in paragraph 65 of the Complaint, since Count VII in not alleged against Mizuho or Business Credit. To the extent Count VII could be construed as alleging a claim against said defendants, Mizuho and Business Credit deny the allegations contained in paragraph 65 of the Complaint.

66. Neither admit nor deny the allegations contained in paragraph 66 of the Complaint, since Count VII in not alleged against Mizuho or Business Credit. To the extent Count VII could be construed as alleging a claim against said defendants, Mizuho and Business Credit deny the allegations contained in paragraph 66 of the Complaint.

67. Neither admit nor deny the allegations contained in paragraph 67 of the Complaint, since Count VII in not alleged against Mizuho or Business Credit. To the extent Count VII could be construed as alleging a claim against said defendants, Mizuho and Business Credit deny the allegations contained in paragraph 67 of the Complaint.

## ANSWER TO COUNT VIII

68. Repeat and reallege their responses to paragraphs 1 through 29 of the Complaint as if fully set forth at length herein, in response to paragraph 68 thereof.

69. Neither admit nor deny the allegations contained in paragraph 69 of the Complaint, since Count VIII in not alleged against Mizuho or Business Credit. To the extent Count VIII could be construed as alleging a claim against said defendants, Mizuho and Business Credit deny the allegations contained in paragraph 69 of the Complaint.

70. Neither admit nor deny the allegations contained in paragraph 70 of the Complaint, since Count VIII in not alleged against Mizuho or Business Credit. To the extent Count VIII could be construed as alleging a claim against said defendants, Mizuho and Business Credit deny the allegations contained in paragraph 70 of the Complaint.

## ANSWER TO COUNT IX

71. Repeat and reallege their responses to paragraphs 1 through 29 of the Complaint as if fully set forth at length herein, in response to paragraph 71 thereof.

72. Neither admit nor deny the allegations contained in paragraph 72 of the Complaint, since Count IX in not alleged against Mizuho or Business Credit. To the extent Count IX could be construed as alleging a claim against said defendants, Mizuho and Business Credit deny the allegations contained in paragraph 72 of the Complaint.

73. Neither admit nor deny the allegations contained in paragraph 73 of the Complaint, since Count IX in not alleged against Mizuho or Business Credit. To the extent Count IX could be construed as alleging a claim against said defendants, Mizuho and Business Credit deny the allegations contained in paragraph 73 of the Complaint.

## FIRST AFFIRMATIVE DEFENSE

74. The Complaint and each and every Count therein fails to state a claim upon which relief may be granted.

## SECOND AFFIRMATIVE DEFENSE

75. This Court lacks personal jurisdiction over Mizuho.

## THIRD AFFIRMATIVE DEFENSE

76. Plaintiff alleges that Barnhard's allegedly discriminatory conduct commenced in June or July 2000, but Woodbury did not file her Charge of Discrimination with the Massachusetts Commission Against Discrimination (the "MCAD") until November 28, 2001.

77. By reason of the foregoing, plaintiff's claims for discrimination are barred by the applicable statutes of limitations.

## FOURTH AFFIRMATIVE DEFENSE

78. Plaintiff's claims against Mizuho and Business Credit for discrimination and retaliation are barred because Woodbury never reported or made any complaint of alleged sexual harassment to her supervisors, any Human Resources Officer or anyone else employed by Business Credit.

## FIFTH AFFIRMATIVE DEFENSE

79. Plaintiff's claims against Mizuho and Business Credit for discrimination and retaliation are barred because Business Credit exercised reasonable care to prevent and correct promptly any sexually harassing behavior, and Woodbury unreasonably failed to take advantage of the preventive and corrective opportunities available pursuant to Business Credit's anti-harassment policy for any conduct that Woodbury believed was discriminatory.

## SIXTH AFFIRMATIVE DEFENSE

80. Plaintiff's claims against Mizuho and Business Credit are barred in their entirety because Business Credit provided a reasonable avenue for complaints of discrimination and had no knowledge of the complained of conduct until plaintiff filed her Charge of Discrimination with the MCAD.

## SEVENTH AFFIRMATIVE DEFENSE

81. Count VI of the Complaint is preempted by the Workers' Compensation Act, G.L. c. 152.

## EIGHTH AFFIRMATIVE DEFENSE

82. Plaintiff's claims for lost wages and benefits and for future lost wages and opportunities are barred by reason of plaintiff's failure to mitigate her damages, if any.

WHEREFORE, defendants Mizuho Corporate Bank (USA) and IBJTC Business Credit Corporation demand judgment:

    A.    Dismissing the Complaint in its entirety with prejudice;

    B.    Awarding said defendants the costs and disbursements of this action, including attorneys' fees; and

    C.    Granting such other and further relief as to the Court seems just and proper.

Dated:    October 12, 2004

        Defendants Mizuho Corporate Bank (USA) and
         IBJTC Business Credit Corporation
        By their attorney,

        /s/ Howard M. Brown
        HOWARD M. BROWN
        BBO #547948
        Bartlett Hackett Feinberg P.C.
        10 High Street – Suite 920
        Boston, MA  02110
        Tel. (617) 422-0200

Of Counsel:   Michael M. Gordon
                Cadwalader, Wickersham & Taft LLP
                100 Maiden Lane
                New York, NY  10038
                Tel. (212) 504-6000